UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEE WINFORD GIBSON,

    Petitioner,

v.

STEVE BROWN, Superintendent, WCCF,

    Respondent.

Case No. 3:23-cv-01401-MC

OPINION AND ORDER

MCSHANE, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the state court's decision to revoke his probation and contends that his counsel rendered ineffective at the revocation hearing. Respondent argues that the Petition should be denied because it is untimely and barred from federal review. Because Petitioner did not seek federal habeas relief within the one-year statute of limitations, his Petition is time-barred and must be denied.

- 1 -   OPINION AND ORDER

DISCUSSION

In 2012, Petitioner was convicted of Attempted Rape in the First Degree, Attempted Unlawful Sexual Penetration in the First Degree, and Attempted Sodomy in the First Degree. Resp't Ex. 101 at 41-46. The trial court imposed a ten-year term of supervised probation on the attempted rape count and concurrent seventy-month terms of imprisonment on the attempted sexual penetration and sodomy counts. *Id.* Petitioner served his prison sentence and was released on probation and post-prison supervision.

In January 2019, the trial court found that Petitioner had violated the terms of his probation. The court revoked Petitioner's release on probation and sentenced him to an additional 45 months of imprisonment. Resp. Exs. 101 at 22-25, 47; Resp't Ex. 106.

In July 2019, Petitioner sought post-conviction relief (PCR) in the Oregon courts and claimed that his counsel provided ineffective assistance at Petitioner's revocation hearing. Resp't Ex. 107. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 123-24, 128-29.

Petitioner now seeks federal habeas relief, arguing that his counsel failed to advise Petitioner that his probation conditions were unconstitutional and invalid. Respondent contends that Petitioner filed his federal Petition beyond the one-year statute of limitations and the Petition is thus barred from federal review. I agree.

Generally, a petitioner must file a federal habeas petition challenging a state court judgment within one year after the challenged judgment becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court judgment becomes final, and the one-year statute of limitations begins to run, when direct review

proceedings have concluded. *Id.* § 2244(d)(l)(A). The limitations period is tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The Ninth Circuit recently held that a state application for post-conviction relief is no longer "pending" when "no other state avenues for relief remain open," rather the date on which the state court issues final judgment or mandate. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

Here, the trial court issued its revocation decision on January 15, 2019, and Petitioner did not file a direct appeal. The judgment became final and the statute of limitations began to run on February 14, 2019. *See* Or. Rev. Stat. § 138.071 (allowing thirty days to file an appeal); 28 U.S.C. § 2244(d)(l)(A) (providing that statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

The statute of limitations ran for 160 days before Petitioner filed his PCR petition in state court on July 24, 2019. Resp't Ex. 107. The limitations period was tolled, or was stopped, during the pendency of Petitioner's PCR proceedings. 28 U.S.C. § 2244(d)(2).

Petitioner unsuccessfully appealed the denial of PCR relief, and on September 1, 2022, the Oregon Supreme Court denied review. Resp. Exs. 123-25, 128. The time to seek reconsideration of the order denying review expired fourteen days later, on September 15, 2022, and Petitioner did not seek reconsideration. Or. R. App. P. 9.25(1) ("A party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the decision."). No further avenues of relief remained opened to Petitioner at that time, and the statute of limitations restarted on September 15, 2022.

The statute of limitations ran for another 375 days before Petitioner signed his federal habeas Petition on September 25, 2023. *See* Pet. at 15. In total, the statute of limitations ran for 535 days, well beyond the one-year statute of limitations, and the federal Petition is untimely.

Petitioner does not address the untimeliness of his Petition or present grounds to support equitable tolling. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that equitable tolling of the statute of limitations is available "only if extraordinary circumstances beyond" the petitioner's control made "it impossible to file a petition on time") (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, the Petition is barred from federal review.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED as untimely and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 7th day of May, 2024.

                                                s/ Michael J. McShane
                                                MICHAEL J. MCSHANE
                                                United States District Judge